UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LANCE REBERGER, | Case No. 3:15-cv-00064-MMD-VPC |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL BYRNE, et al., | |
| Defendants. | |

## I.    DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed *in forma pauperis* and has submitted a motion for temporary restraining order ("TRO") and permanent injunction. (Dkt. no. 1, 1-1.)  Plaintiff has not filed a complaint.

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $350.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In *Reberger v. Offender Mgmt. Div.*, 3:12-cv-293-LRH-VPC (D. Nev. Nov. 30, 2012) (order on mandate issued May 9, 2013), the Court found that, on at least two other occasions, the Court had dismissed civil actions commenced by Plaintiff while in

detention for failure to state a claim.[1] (Dkt. no. 9 at 5, in case no. 3:12-cv-293-LRH-VPC). That court found that, at the conclusion of that case, Plaintiff would have obtained his third strike based on the dismissal of that complaint as frivolous and for failure to state a claim. (*Id.* at 7.) As such, Plaintiff may not proceed *in forma pauperis* in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the motion, Plaintiff seeks a TRO against Defendants Ely State Prison ("ESP") Associate Warden Michael Byrne, ESP CERT Member J. Parr, ESP CERT Member R. Montoya, and ESP CERT Member E. Boardman. (Dkt. no. 1-1 at 1.)  Plaintiff seeks an immediate TRO and a permanent injunction to keep all Defendants 1000 yards away from him. (*Id.*).

The motion alleges the following: On August 2, 2014, ESP medical personnel sent Plaintiff to the intensive care unit ("ICU") at the University Medical Center by plane because Plaintiff was unconscious, sedated, and would not wake up. (*Id.* at 1-2.)  While on the emergency flight or while at the ICU, Parr was either caught by plane or ICU personnel assaulting Plaintiff's unconscious body. (*Id.* at 2.)  The witness reported the actions to a sergeant. (*Id.*)  Shortly thereafter, Parr was removed from CERT, placed on regular duty, and placed on probation for a period of time. (*Id.*)

On August 3, 2014, Plaintiff was revived and moved to a regular hospital room. (*Id.*)  Plaintiff examined his own body and noticed that his shins, knees, elbows, wrists, and face contained cuts, scrapes, and bruising and that his hands and wrists were completely swollen, bruised, and bleeding. (*Id.*)

On August 7, 2014, Plaintiff was released from UMC. (*Id.* at 3.)  Plaintiff could barely walk and was placed in a wheelchair for weeks. (*Id.*)  Plaintiff suffered from brain injuries and numb hands and wrists. (*Id.*) Prison officials took Plaintiff to the High Desert

---

[1] *See Reberger v. Cox et al.*, 2:10-cv-2022-GMN-GWF (dismissed for failure to state a claim) (order on mandate issued Nov. 7, 2012) and *Reberger v. Suter et al.*, 3:11-cv-73-LRH-RAM (dismissed for failure to state a claim) (order on mandate issued June 7, 2011).

1   State Prison ("HDSP") infirmary. (*Id.*) Three weeks later, a medical doctor released
2   Plaintiff. (*Id.*)

3        On September 8, 2014, Plaintiff was placed in a van in his blue clothing for
4   transport to ESP with 12 other prisoners. (*Id.*)  About half way to ESP, the prisoners got
5   out at a transport facility. (*Id.*)  Plaintiff passed a CERT member who commented, "They
6   didn't kill you." (*Id.*) Prison officials switched the prisoners into orange jump suits and
7   placed black boxes over the prisoners' cuffs for the last 167 miles to ESP. (*Id.*)  During
8   the "strip out" into orange jump suits, Montoya told Plaintiff to "hurry the fuck up 3
9   times." (*Id.*) Montoya put handcuffs on Plaintiff and then put Plaintiff's hands into the
10  black box. (*Id.*)  When Plaintiff had trouble putting his finger into the "loop to lock [the]
11  black box," Boardman grabbed Plaintiff's hand and shoved Plaintiff's finger in the loop.
12  (*Id.*)  When Plaintiff turned around, Montoya pulled Plaintiff's finger from the loop and
13  said, "This is the dumb[est] mother fucker yet" and smacked Plaintiff on the right side of
14  his head. (*Id.*) Boardman turned Plaintiff toward the wall and then hit Plaintiff on the
15  back of his head and neck area and asked, "Why are you . . . such a dumb mother
16  fucker?" (*Id.*)

17       Prison officials put the prisoners back on the van and drove to ESP. (*Id.*) At ESP,
18  the van stopped at ESP's box gate to check the prisoners' identities. (*Id.*) While
19  stopped, Warden Bryne drove up and got out of his vehicle. (*Id.* at 3-4.) While Bryne
20  was near a group of officers and CERT members, one CERT member acted out
21  Boardman's assault on Plaintiff and Byrne laughed and did nothing. (*Id.* at 4.)

22       While inside ESP, Plaintiff walked the wrong way and Montoya told Plaintiff that
23  he was a "dumb mother fucker" and kicked Plaintiff hard in the buttocks. (*Id.*) Plaintiff did
24  not say or do anything after each assault because he knew that he would get assaulted
25  much worse or murdered. (*Id.*)

26       In the past, when ESP prisoners were assaulted and filed grievances, they got
27  re-assaulted and murdered while at ESP. (*Id.*) Plaintiff knew that he was going to court
28  in Las Vegas and knew that he could not turn in a grievance until he left ESP. (*Id.*) On

3

January 13, 2015, Plaintiff turned in two assault grievances and made a note on the Prison Rape Elimination Act ("PREA") form that he had been assaulted, although not sexually assaulted. (*Id.*) Caseworker Treadwell took note of Plaintiff's allegation of assault and spoke to Lt. Pugh. (*Id.*) Plaintiff wrote a letter to NDOC Director James Cox, Attorney General Catherine Cortez Masto, and NDOC Inspector General Pam Delporto. (*Id.* at 4-5.)

It is customary for HDSP to hold prisoners while they have court in Las Vegas. (*Id.* at 5.) Plaintiff's next court date is March 19, 2015. (*Id.*) Plaintiff believes that prison officials will transport him back to ESP on the next transfer where CERT members will be able to re-assault or murder Plaintiff at the transport facility or at ESP. (*Id.*) Plaintiff alleges that the CERT members would do this because of Plaintiff's own actions and because he is a witness to two other assaults by ESP CERT members. (*Id.*) Plaintiff states that he cannot file a 42 U.S.C. § 1983 complaint until the grievance process is over but, in order to save his own life, he must file this immediate TRO to keep Defendants and their friends away from him. (*Id.*)

The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). First, Plaintiff is at HDSP and is not at ESP where Defendants are located. As such, Plaintiff is unable to demonstrate that he faced imminent danger of serious physical injury at the time of filing. Second, Parr's actions appear to be unrelated to Montoya and Boardman's actions. Parr's assault took place in August 2014 and, due to a witness, Parr appears to have been disciplined. Plaintiff does not allege that Montoya and Boardman's actions in September 2014 were in retaliation or related to any actions taken against him by Parr. Third, it is unclear why Plaintiff believes he would be assaulted or murdered upon arrival at ESP. Plaintiff has not alleged why his own actions or being a witness to two other assaults would cause

4

prison officials at ESP to assault or murder Plaintiff.[1] Based on Plaintiff's vague allegations and conjectures, the Court is unable to conclude that Plaintiff faces imminent danger of serious physical injury at the time of filing.

The Court denies Plaintiff's motion for application to proceed *in forma pauperis* (dkt. no. 1). If Plaintiff would like to continue to pursue these allegations, the Court directs Plaintiff to file a § 1983 complaint[2] and to pay the $350.00 filing fee in full within thirty (30) days of entry of this order.

The Court also denies the motion for TRO (dkt. no. 1-1). Based on the reasons discussed above, Plaintiff fails to demonstrate that he would suffer irreparable harm in the absence of preliminary relief. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008)) (holding that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is denied.

It is further ordered that the motion for temporary restraining order/preliminary injunction (dkt. no. 1-1) is denied.

It is further ordered that if Plaintiff wishes to pursue this action, he shall submit a complaint to this Court within thirty (30) days of entry of this order.

///

///

---

[1]To the contrary, Plaintiff represents that he has recently filed two assault grievances for the treatment that he suffered at ESP. (Dkt. no. 1-1 at 4.) Plaintiff does not allege why his concerns as to the potential harm to him cannot be raised in these grievances.

[2]Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint, instructions for the same, and a copy of his motion for temporary restraining order (dkt. no. 1-1).

It is further ordered that if Plaintiff wishes to pursue this action, he shall pay the $350.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two (2) copies of this order. Plaintiff shall make the necessary arrangements to have one (1) copy of this order attached to the check paying the filing fee.

It is further ordered that if Plaintiff does not file a complaint and pay the full $350.00 filing fee within thirty (30) days of entry of this order, this action will be dismissed without prejudice.

DATED THIS 3rd day of February 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE